[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12940

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL GREENBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00327-TPB-TGW-1

_____

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Michael Greenberg appeals his sentence of 216 months' imprisonment, as imposed for the offense[1] of attempted enticement of a minor by electronic device, in violation of 18 U.S.C. § 2422(b). Greenberg asserts his sentence was substantively unreasonable because the district court improperly focused on the nature and circumstances of the offense and failed to properly weigh the mitigating factors, namely, his lack of prior sexual criminal history and that no victims were harmed by his conduct.

"Substantive reasonableness involves examining the totality of the circumstances and whether the sentence is supported by the sentencing factors outlined in [18 U.S.C.] § 3553(a)." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). A district court abuses its discretion and imposes a substantively unreasonable sentence only if it: (1) fails to consider relevant factors

---

1 Greenberg was also sentenced to concurrent terms of 120 months' imprisonment for the offenses of attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470, and travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors. *Id.* A district court commits a "clear error of judgment" when it unreasonably balances the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Greenberg's sentence is substantively reasonable because the court did not abuse its discretion in weighing the § 3553(a) factors.[2] *See Gall v. United States*, 552 U.S. 38, 41 (2007) (providing an appellate court reviews the reasonableness of a sentence for abuse of discretion); *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015) (explaining we "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor"). In balancing the § 3553(a) factors, the court noted, as mitigating factors Dr. Valerie McClain's report regarding Greenberg's mental health issues, Greenberg's difficulties in life after his previous incarceration, and the nine years he spent crime-free, and, as aggravating factors, his actions in travelling from Houston to

---

[2] The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, sufficiently punish the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1).

Tampa with the intent to engage in illicit sexual conduct with a six-year-old child, whom he believed to exist.  *See* 18 U.S.C. § 3553(a).

While Greenberg contends he never acted on his texts, the evidence shows he bought an airline ticket, boarded a plane, and traveled to another state, just as he planned in his texts.  The fact the victim did not actually exist did not affect his offense conduct in attempting to entice a minor because he believed the six-year-old child existed and intended to engage in illicit sexual conduct with that child.  While Greenberg asserts the court failed to properly weigh his lack of prior sexual criminal history, the district court noted it had weighed the § 3553(a) factors, and the weight accorded to each factor is within its sound discretion.  The district court did not abuse its discretion, as it did not fail to consider relevant factors, give significant weight to an improper factor, or unreasonably consider the proper factors, particularly where it noted it weighed the § 3553(a) factors.  *See Rosales-Bruno*, 789 F.3d at 1256; *Irey*, 612 F.3d at 1189.

Lastly, Greenberg's 216-month imprisonment sentence was well below the statutory maximum of life imprisonment.  *See United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (stating one indicator of reasonableness is that the sentence falls well below the maximum penalty).  Greenberg's sentence was within the guidelines and was within the range of reasonable sentences dictated by the facts.  *See id.*  Accordingly, we affirm.

**AFFIRMED.**